UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN KEEN,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE, LLC,<br><br>    Defendant. | Case No.<br><br>**DEFENDANT LOANCARE LLC'S NOTICE OF REMOVAL**<br><br>**[FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP JURISDICTION]**<br><br>Action Filed: October 26, 2021<br>State Court Case No: C-02-CV-21-001467 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant LoanCare, LLC ("LoanCare"), hereby removes this action filed by Plaintiff Stephen Keen ("Plaintiff"), from the Circuit Court for Anne Arundel County, Maryland to the United States District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

I.  **BACKGROUND**

1.  Plaintiff commenced his State Court Action against LoanCare by filing a Complaint (the "Complaint") against LoanCare in the Circuit Court for Anne Arundel County, Maryland on October 26, 2021, Case Number C-02-CV-21-001467 (the "State Court Action").

2.  Defendant was served with the Summons, Complaint, and Civil Case Information Report on December 20, 2021. A true and correct copy of the Summons, Complaint, and Civil Case Information Report are attached hereto as **Exhibit A.**

3.  Upon information and belief, **Exhibit A** constitutes the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a). A true and correct copy of the State Court Action docket is attached hereto as **Exhibit B.**

4. This Notice of Removal is being timely filed within 30 days of service to LoanCare of the Summons and Complaint. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## II. VENUE

5. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for the removed State Court Action because it is the judicial district in which the State Court Action is pending.

## III. FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP JURISDICTION

6. Federal question and diversity of citizenship jurisdiction exists over this action because the allegations asserted by Plaintiff in the Summons involve questions that will require resolution of significant, disputed issues arising under federal law, the alleged amount in controversy exceeds $75,000[1], and the parties to this action are citizens of different States. This case qualifies for federal question and diversity of citizenship jurisdiction and is removable pursuant to 28 U.S.C. §§ 1331 and 1332.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 which states the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States…." 28 U.S.C. § 1332(a).

---

[1] Plaintiff asserts he incurred $85,510.58 in late charges, interest, and fees. *See* Compl. ¶ 55.

9.  Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Plaintiff's remaining claims are so related to Plaintiff's federal claim, which are within the original jurisdiction of this Court, that it forms part of the same case or controversy. Specifically, all claims arise out of LoanCare's alleged delayed approval of Plaintiff's loss mitigation application. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

**IV.  NOTICE**

11. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the removal of the State Court Action to Plaintiff and will file a copy of this notice with the Clerk in the Circuit Court for Anne Arundel County, Maryland.

**V.  RESERVATION OF RIGHTS**

12. LoanCare reserves the right to supplement this notice when, and if, additional information becomes available. In addition, LoanCare reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Defendant prays that the State Court Action be removed from the Circuit Court for Anne Arundel County, Maryland to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

Dated:     January 19, 2022             Respectfully submitted,

                                                                           **TROUTMAN PEPPER HAMILTON SANDERS LLP**

                                                                           By: /s/ Arien N. Parham
                                                                           Arien N. Parham, Esq. (MD Bar No. 21962)
Troutman Pepper Hamilton Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274 -2837
Fax:  (702) 488-6510
Email:  arien.parham@troutman.com

*Counsel for LoanCare, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January 2022, I served a true and correct copy of the foregoing via Federal Express, to the following:

Edward F. Simon, Esquire
Edward F. Simon, LLC
P.O. Box 4284
Annapolis, MD 21403
*Counsel for Plaintiff*

By: /s/ Arien N. Parham
Arien N. Parham, Esq. (MD Bar No. 21962)