IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN KEEN, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-22-0149 |
| LOANCARE, LLC | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Stephen Keen is a military veteran who has sued Defendant LoanCare LLC on a variety of claims stemming from its repeated denials of his loan modification applications for his home in Edgewater, Maryland.[1] Although LoanCare eventually approved Mr. Keen's modification application, Mr. Keen alleges he has suffered economic and emotional damages from its repeated earlier denial of his applications. He brings suit under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101(c) ("MCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-202(8) ("MCDCA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), as well as under common law theories of negligence, negligent misrepresentation, and intentional misrepresentation.

---

[1] The case was originally filed in the Circuit Court for Anne Arundel County, Maryland and was removed to this Court under the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

Defendant LoanCare LLC has filed the presently pending Motion for Summary Judgment. (ECF No. 36.) Defendant argues that the timing of Mr. Keen's loan modification benefitted him, as the terms of his loan as modified will ultimately cost him substantially less in the long run than the terms upon which he first sought modification. Moreover, Defendant argues that there is no genuine dispute of material fact as to any of Plaintiff's claims. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 36) is DENIED as to Count I and GRANTED as to Counts II though VII.

## BACKGROUND

In 2017, Plaintiff Stephen Keen, a military veteran, bought a home in Edgewater, Maryland for $715,990.00. (Compl., ECF No. 3 at 1.) The home was secured by a Deed of Trust, a 30-year loan in the amount of $676,362.00 through Universal Mortgage & Finance, Inc, which was guaranteed by the U.S Department of Veterans' Affairs ("VA"). (*Id.* at 2.) On or about May 2, 2018, the Deed of Trust was assigned to Lakeview Loan Servicing, LLC. (*Id.*) On or about May 29, 2018, Mr. Keen and Lakeview entered into a Loan Modification Agreement, under which there would be a new principal balance of $704,199.56 and a yearly interest rate of 5% with monthly payments of $3,780.00 from July 1, 2018 to June 1, 2048. (*Id.*) Mr. Keen's mortgage with Lakeview is serviced by Defendant LoanCare, LLC. (*Id.*) Mr. Keen made payments in the amount of $8,264.03 on June 28, 2018. (*Id.*)

On December 6, 2018, after Mr. Keen's wife was injured in a motor vehicle accident, Mr. Keen submitted a loan modification request to LoanCare showing that his monthly income was $14,750.00 and his monthly expenses were $10,350.00. (*Id.* at 3.) LoanCare

2

acknowledged receipt of the application on December 7, 2018 and on December 12, 2018 sent a letter indicating that his application was incomplete, requesting "60 day bank statements showing retirement." (*Id.*) Mr. Keen supplemented his application, and on January 3, 2019 LoanCare issued a letter to Mr. Keen acknowledging receipt of his completed application and indicating that it would either deny or approve the application within 30 days. (*Id.* at 4.) LoanCare denied Mr. Keen's application on January 24, 2019. (*Id.*) LoanCare stated that Mr. Keen did not meet the regulatory requirements set forth by the VA for loan modification without VA approval. (*Id.*)

Mr. Keen resubmitted the loss mitigation application on May 10, 2019 and included with it earnings statements and a residential lease agreement to show monthly income on another property owned by Mr. Keen's wife. (*Id.* at 5.) On May 16, 2019, LoanCare confirmed receipt of the application and asked for additional materials, which Mr. Keen submitted on May 20 and July 4–5, 2019. (*Id.*) LoanCare sent a non-approval letter on August 6, 2019, listing the same reasons stated in the March 28, 2019 letter. (*Id.*)

Mr. Keen once again submitted an application on August 15, 2019, and LoanCare thereafter requested additional materials. (*Id.* at 5–6.) LoanCare issued another denial on October 31, 2019. (*Id.* at 6.) Mr. Keen resubmitted the application, which LoanCare denied on December 5, 2019. (*Id.*) Mr. Keen submitted his application once again on January 10, 2020 (*Id.*) On January 22, 2020 LoanCare issued a Standard Modification Trial Period Plan. (*Id.* at 7.) Mr. Keen claims that he "has suffered economic damages including, but not limited to, incurring additional interest and principal on the loan, late fees and damage to his credit, as well as non-economic damages." (*Id.* at 7–8.) These non-economic damages allegedly include

3

"stress, anxiety, humiliation, indignity and mental anguish, which strained not only Mr. Keen, but also his relationship with his wife and family." (*Id.* at 8.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence

or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866–68 (2014).

## ANALYSIS

### I. Maryland Consumer Protection Act Claim (Count I)

The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices." Md. Code Ann., Com. Law § 13-301. To bring an MCPA claim, a consumer must allege "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d. 754, 768 (D. Md. 2012) (citing *Lloyd v. General Motors Corp.*, 397 Md. 108, 143, 916 A.2d 257 (2007)). "A consumer relies on a misrepresentation when the misrepresentation substantially induces the consumer's choice." *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013).

Keen argues that he was prevented from making partial payments on the mortgage and that LoanCare reported the mortgage as delinquent to credit reporting agencies. (ECF No. 44-2 at 16.) Defendant responds that a plaintiff under the MCPA must "have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the [] misrepresentation." (ECF No. 51 at 6–7.) (emphasis in original) (quoting *Lloyd*, 916 A.2d at 277). Due to the timing of Plaintiff's loan modification, Defendant argues that Plaintiff will save approximately $189,881.15 in interest over the life of the loan. (ECF No. 51, at 2.) As a result, Defendant argues, Mr. Keen suffered no economic harm from LoanCare's conduct. (*Id.* at 2–3.)

5

Keen also argues that he suffered an emotional toll due to the application process that included stress, anxiety, embarrassment, fear, and marriage difficulty. Defendant argues that Plaintiff failed to prove any physical harm because of LoanCare's alleged misconduct, thereby failing to satisfy the physical manifestation requirement. *See Wheeling v. Selene Fin. LP*, 250 A.3d 197, 219 (2021). The physical manifestation requirement has "been held to include such things as depression, inability to work or perform routine household chores, loss of appetite, insomnia, nightmares, loss of weight, extreme nervousness and irritability, withdrawal from socialization, fainting, chest pains, headaches, and upset stomachs." *Hoffman v. Stamper*, 867 A.2d 276, 296 (Md. 2005).

The facts related to the MCPA claim remain in genuine dispute. Viewing all facts and reasonable inferences in the light most favorable to Mr. Keen, Mr. Keen's allegations regarding the financial harm he suffered, particularly with respect to his credit, provide a basis for his MCPA claim that cannot be totally disproved by LoanCare's allegations regarding the beneficial outcome of Mr. Keen's application. Moreover, it is a question for the jury to decide whether Mr. Keen suffered the kind of emotional damages that may substantiate a claim under the MCPA. Therefore, the Motion for Summary Judgment as to Count I is DENIED.

**II.    Maryland Consumer Debt Collection Act Claim (Count II)**

The Maryland Consumer Debt Collection Act ("MCDCA") prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law §§ 14-202(8). To succeed on an MCDCA claim, a plaintiff "must set forth factual allegations tending to establish two elements: (1) that Defendants did not possess the right to collect the amount of debt sought; and (2) that

Defendants attempted to collect the debt knowing that they lacked the right to do so." *Healy v. BWW Law Group, LLC*, No. PWG-15-3688, 2017 WL 281997, at *5 (D. Md. Jan. 23, 2017) (quoting *Lewis v. McCabe Weisberg & Conway*, No. DKC 13-1561, 2014 WL 3845833, at *6 (D. Md. Aug. 4, 2014)). "[A] dispute over the amount owed is not a challenge to the validity of the underlying debt." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 420 (D. Md. 2018).

As Defendant correctly notes, "Plaintiff's MCDCA claim is premised exclusively on a dispute about the amount of debt he owes and not its validity." (ECF No. 51 at 9.) Plaintiff does not contend that LoanCare was not authorized to assess interest and other charges under the promissory note and deed of trust. Therefore, there is no genuine dispute of material fact as to whether LoanCare violated the MCDCA, and LoanCare is entitled to judgment as a matter of law with respect to Plaintiff's MCDCA claim. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count II.

### III.   Negligence (Count III)

To succeed on a negligence claim, "a plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Jacques v. First Nat. Bank of Md.*, 515 A.2d 756, 758 (Md. 1986) (citations omitted). Courts have repeatedly held, however, that a mortgage servicer does not owe a duty of care to a borrower; rather, the relationship is contractual. *See, e.g.*, *Bowers v. Bank of America, N.A.*, 905 F. Supp. 2d 697 (D. Md. Nov. 27, 2012); *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 274 (D. Md. 2015). As Judge Gallagher of this Court has previously noted, courts will not entertain negligence claims arising out of loan modification attempts where the

7

borrower fails to show contractual privity as to the modification. *Fox v. Stonebridge Company, LLC*, No. SAG-21-01972, 2022 WL 4386231, at *8 (D. Md. Sept. 21, 2022); *see also Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778 (4th Cir. 2013).

Plaintiff does not assert that he has a contract with LoanCare, nor does he otherwise establish the privity with LoanCare necessary for a fiduciary duty to arise. Because LoanCare is a subservicer for Lakeview Loan Servicing, Plaintiff cannot, as a matter of law, establish that LoanCare owed him a duty. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count III.

### IV. Negligent Misrepresentation (Count IV)

To establish a claim for negligent misrepresentation, a plaintiff must show that:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;
(2) the defendant intends that his statement will be acted upon by the plaintiff;
(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;
(4) the plaintiff, justifiably, takes action in reliance on the statement; and
(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Lloyd v. General Motors Corp.* 916 A.2d 257, 273 (Md. 2007) (citations omitted).

As stated above, Plaintiff cannot establish that LoanCare owed him a duty. Moreover, "[a]s this Court has held, a contractual relationship does not provide the duty of care necessary for the maintenance of a negligent misrepresentation claim." *Rotorex Co. v. Kingsbury Corp.*, 42 F. Supp. 2d 563, 575 (D. Md. 1999). Defendant is therefore entitled to judgment as a matter of law on Plaintiff's negligent misrepresentation claim. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count IV.

## V.    Intentional Misrepresentation (Count V)[2]

"A mere failure to disclose a material fact does not constitute fraud, in the absence of a legal duty to disclose that inheres in certain types of transactions, because 'Maryland recognizes no general duty upon a party to a transaction to disclose facts to the other party.'" *Wiseman v. First Mariner Bank,* 2013 WL 5375248, at *10 (D. Md. Sep. 23, 2013) (citing *Gaynor,* 370 Md. 89, 97, 803 A.2d 512, 516 (Md. 2012)). Fraud is a tort, which means that the economic loss doctrine applies. *Dwoskin v. Bank of America, N.A.*, 850 F. Supp. 2d 557, 569 (D. Md. 2012). "In Maryland, the economic loss doctrine bars recovery when the parties are not in privity with one another or the alleged negligent conduct did not result in physical injury or risk of severe physical injury or death." *Arch Ins. Co. v. Costello Constr. of Maryland, Inc.*, No. CV DKC 19-1167, 2020 WL 1158776, at *3 (D. Md. Mar. 9, 2020). However, Maryland courts have recognized a narrow exception to this rule for fraud claims where the plaintiff alleges fraudulent inducement to contract. *Id.* at *4.

As noted above, Plaintiff fails to allege he is in privity with LoanCare. Plaintiff therefore cannot assert fraudulent inducement to contract because no relevant contract exists between LoanCare and Plaintiff. Plaintiff thus cannot meet the narrow exception to the economic loss doctrine, which bars his intentional misrepresentation claim. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count V.

---

[2] "'[I]ntentional misrepresentation' is not a cause of action in itself, but rather an element of a fraud claim." *Reed v. Bank of Am. Home Loans*, No. PJM 13-3265, 2016 WL 3218720, at *8 (D. Md. June 10, 2016). Accordingly, the Court will treat Count V "as a fraud claim, despite the fact that it was mislabeled." *Id.* at *8 n.15.

## VI. Real Estate Settlement Procedures Act Claim (Count VI)

As Judges Gallagher and Chuang of this Court have previously stated, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, 12 C.F.R. § 1024.35 ("RESPA"), was enacted "to combat 'certain abusive practices' in the real estate mortgage industry, and to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process." *Fox v. Statebridge Co., LLC*, No. CV SAG-21-01972, 2022 WL 4386231, at *4 (D. Md. Sept. 21, 2022) (quoting *Robinson v. Nationstar Mortg. LLC*, No. CV TDC-14-3667, 2019 WL 4261696, at *5 (D. Md. Sept. 9, 2019)) (internal citation and quotations omitted). To prevail on a RESPA claim, a plaintiff "must demonstrate that the defendant was responsible for the servicing of the plaintiff's loan; the defendant received a valid Qualified Request from the plaintiff that relates to the servicing of a mortgage loan; the defendant failed to respond adequately; and the plaintiff is entitled to actual or statutory damages." *Lindsay v. Rushmore Loan Mgt., Services, LLC*, No. PWG-15-1031, 2017 WL 1230833, at *8 (D. Md. Apr. 4, 2017) (quoting *Martins v. Wells Fargo Bank, N.A.*, No. CCB-16-1070, 2016 WL 7104813, at *3 (D. Md. Dec. 6, 2016)). "Nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option . . . ." 12 C.F.R. § 1024.41(a). Instead, "[t]he only relief available under RESPA is an award of actual damages, along with additional damages in particularized circumstances." *Fox*, 629 F. Supp. 3d at 310.

In this case, Plaintiff has not made any showing that he has suffered actual damages within the ambit of RESPA by receiving a loan modification in 2020 rather than 2019.

Moreover, Plaintiff concedes that LoanCare had no duty to provide him any specific loss mitigation option. Defendant is therefore entitled to judgment as a matter of law on Plaintiff's RESPA claim. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count VI.

## VII. Claim for Injunctive Relief (Count VII)

Plaintiff asks that "this Court enjoin and/or prohibit LoanCare, LLC from reporting missed payments on the mortgage during the relevant time period to credit reporting agencies." (ECF No. 3 at 18.) To obtain a permanent injunction, "a plaintiff must show (1) irreparable injury, (2) remedies at law are inadequate to compensate for that injury, (3) the balance of hardships between the plaintiff and defendant warrants a remedy, and (4) an injunction would not disserve the public interest." *Malibu Media, LLC v. Redacted*, No. DKC 15-0750, 2016 WL 3668034 (D. Md. July 11, 2016) (citing *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015)). However, Plaintiff has shown no evidence demonstrating the inadequacy of the remedies available at law for compensating Plaintiff's alleged injuries. Moreover, Plaintiff does not address the balance of hardships between himself and LoanCare, nor does he make any arguments as to the public interest. Plaintiff therefore fails to meet the requirements for the injunctive relief he seeks. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED as to Count VII.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 36) is DENIED as to Count I and GRANTED as to Counts II, III, IV, V, VI, and VII.

A separate Order follows.

Dated: October 30, 2023

/s/
Richard D. Bennett
United States Senior District Judge